**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOSE TERRON, ) | |
| ID # 1672458, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-2292-P (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be **DENIED** with prejudice.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On August 30, 2006, the petitioner was indicted for the capital murder of Teresa Sandoval, alleged to have occurred on or about July 3, 2006. (State Habeas Transcript "S.H.Tr." at 54-55). On December 22, 2008, he pled guilty pursuant to a plea agreement to the lesser-include offense of murder in Cause No. F06-67800 in the 265th Judicial District Court in Dallas County, Texas, and was sentenced to life imprisonment. (Petition (Pet.) at 2-3; S.H.Tr.:57, 61-64). He did not appeal his conviction. (Pet. at 3). The petitioner filed a state writ challenging his conviction, dated April 24, 2012, raising the same claims he raises in his federal petition. It was denied on its merits without a written order based on the trial court's findings on March 20, 2013. (S.H.Tr.:cover, 2-13).

The petitioner mailed his federal petition on June 12, 2013. (Pet. at 10). He contends that: (1) he was denied ineffective assistance of counsel because counsel failed to object to the State's breach of the plea bargain agreement that resulted in an illegal sentence; and (2) the State/Court violated his due process rights because the Court entered a recommendation that he never be granted parole, thereby imposing a sentence not authorized by law. (Pet. at 6). The respondent filed a response on September 9, 2013, and provided the state court records. The petitioner filed a reply brief on September 26, 2013.

## II. STATUTE OF LIMITATIONS

**A. Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

The petitioner did not file a direct appeal of his conviction. His state conviction therefore became final for purposes of § 2244(d) at the expiration of the thirty-day time frame for seeking direct review of his conviction, on January 21, 2009. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); TEX. R. APP. PROC. 26.2(a)(1).

The petitioner asserts that he was unaware that the trial court signed an order recommending that he not receive parole until he obtained a copy of the trial court record on March 3, 2012. (Mem. at 4-5). The docket sheet for his case includes the following statement from the trial judge: "It is the Court's recommendation that this defendant never be paroled." (S.H.Tr.:41). The petitioner further asserts that his claims are based on the Supreme Court decision *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Reply at 3). Finally, he asserts that the state impeded him from asserting these claims because there was no certification of an appellate record as he did not appeal his conviction, because he was not entitled to a free copy of the trial court record, and because his plea bargain documents did not contain the trial court's recommendation regarding parole. (Reply at 3-5).

The petitioner has failed to demonstrate that the statute of limitations should commence at a date after his conviction was final under § 2244(d)(1)(B), (C), or (D). A petitioner alleging a state-created impediment under § 2244(d)(1)(B) has the burden to show that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003). That is, a petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. *See id.* at 436–37.

3

Here, the petitioner has not made this showing. He asserts that he did not have a copy of the docket sheet because his attorney did not provide it for him and because there was no appellate record created. This is not evidence that the state prevented him from filing a federal or state habeas petition, as required under § 2244(d)(1)(B). *See e.g., Egerton*, 334 F.3d at 438-39 (holding that the inadequacy of the prison library, which did not include copies of AEDPA, was a state-created impediment under § 2244(d)(1)(B)); *Critchley v. Thaler*, 586 F.3d 318, 321 (5th Cir.2009) (holding that the state's failure to file Critchley's state habeas petitions constituted a state-created impediment under § 2244(d)(1)(B)).

The petitioner has also failed to demonstrate that his claims are based on a newly recognized constitutional right under § 2244(d)(1)(C). In *Martinez v. Ryan*, which he cites, the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for a procedural default in certain circumstances. *Id*. at 1315. The petitioner did not have post-conviction counsel. Furthermore, the Fifth Circuit has held that *Martinez v. Ryan* did not announce a new constitutional rule under § 2244(d)(1)(C). *See Adams v. Thaler*, 679 F.3d 312, 323 n. 6 (5th Cir. 2012).

Finally, the petitioner has also not demonstrated that under § 2244(d)(1)(D), the facts supporting his claims did not become known and could not have become known through the exercise of due diligence until well after his conviction was final. He did not seek or obtain the evidence he presents in support of his claims until 2012, over three years after his conviction became final. The evidence, which consists of a copy of the docket sheet, was apparently obtained from the trial court without difficulty. "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). Due diligence required the petitioner to act to inquire about the facts supporting his claim

4

well before he did so. Because his June 12, 2013, federal petition was filed over four years after his conviction became final, it is untimely.[1]

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired over two years before the petitioner filed his state writ in April of 2012. The statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

---

[1] Prisoners' federal pleadings are considered filed when they place them in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). While the petitioner does not state the date on which he placed his federal habeas petition in the mail, he dated it September 13, 2013. The Court finds for purposes of this limitations analysis that this is the date he filed his petition.

circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, the petitioner has not demonstrated the due diligence required to establish the rare and exceptional circumstances that would warrant equitable tolling of the statute of limitations. He neither sought, nor obtained, any factual support of his claims until several years after his state conviction was final. Therefore, his federal petition is barred by the statute of limitations.[2]

Nevertheless, in an abundance of caution, the Court proceeds to determine the petitioner's claims on the merits. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009) (holding that, because the ADEPA statute of limitations is not a jurisdictional bar that divests a federal court of habeas jurisdiction, a court is not required to address limitations prior to denying relief).

### III. AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unrea-

---

[2] The Supreme Court has recent recognized an equitable exception to the statute of limitations bar where a petitioner can demonstrate his actual innocence. *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013). The petitioner does not assert that he is innocent of the murder to which he pled guilty.

>sonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of the petitioner's state writs constitute an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-

7

reasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. TRIAL COURT'S PAROLE RECOMMENDATION

The petitioner claims that the State/Court violated his due process rights because the Court entered a recommendation that he never be granted parole, thereby imposing a sentence not authorized by law, and that his counsel was ineffective for failing to object to the State's breach of the plea bargain agreement that resulted in an illegal sentence. Both grounds for relief are based on a notation from the trial judge on the docket sheet recommending that the petitioner never be granted parole. (S.H.Tr.:41). The petitioner asserts that this was a breach of his plea agreement because he pled guilty to murder and received a life sentence with the possibility of parole. (*Id*. at 57, 60-61).

**A.    Due Process/Breach of Plea Agreement**

Under Texas law, the Board of Pardons and Paroles has the sole discretion to determine if and when an inmate will be released on parole after he becomes eligible to do so. *See* TEX. GOV'T CODE ANN. § 508.0441 (West 2004). While a trial judge can make a recommendation regarding parole, the recommendation is not binding on the Board of Pardons and Paroles. *See Ceballos v.*

*State*, 246 S.W.3d 369, 373 (Tex. App.–Austin, 2008, pet. ref'd). The petitioner remains eligible for parole beginning on July 2, 2036. (*See* www.tdcj.state.tx.us, search for the petitioner). Therefore, this statement by the trial judge did not breach the plea agreement.

**B.      Ineffective Assistance**

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). Here, because the trial judge did not breach the plea agreement by recommending that the petitioner never be granted parole, trial counsel was not ineffective for failing to object to the statement. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

The state court's denial of these claims is not contrary to federal law. The petitioner's grounds for relief are without merit and should be denied.

### V.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### VI.  RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

9

**SO RECOMMENDED on this 4th day of June, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE